Case number 23-1335 and 23-1403 NLRB v. McLaren Macomb Arguments now to exceed 15 minutes per side Mr. Cain, you may proceed Thank you May it please the court It's a distinct honor to be back before the Sixth Circuit It's been a bit of a time lapse for me And it's also a distinct pleasure to be in this beautiful courthouse In fact, I had some dealings with Senator Thompson when I was working in the United States Senate What a great individual McLaren submits that the board's order regarding its failure to bargain should not be enforced due to clear legal error And also because the board failed to consider the record as a whole I would note at the outset that the board's decision, which goes approximately 12 pages Only talks about the bargaining issue and a slight footnote at the beginning of the decision That's it The rest of the decision has a lengthy discussion of the settlement's policy Counsel, I want to ask you The remedy that the board ordered or remedies Could those remedies be applicable for either of the alleged violations Either the severance agreement violations or the failure to bargain violations I guess what I'm saying is, is it necessary to reach both aspects of this case in order to uphold the remedies? Those are something about the remedies that are specific to the severance agreements And there's something specific to the failure to bargain And I realize that you're going to say that there was no violation at all But let's just assume we were to find there was a violation of one or the other Can you separate the remedies here? Or are they all applicable regardless of whether we find both We uphold it all or if we uphold just part of it Have I said enough? Do you understand my question? Yes, I do I think yes, the remedies could be separated You could require a fax bargaining by McLaren with the union And you also could require an economic payment to the signatory employees So they could be separated With respect to the bargaining issue The board failed to apply or even consider the Supreme Court's well-known doctrine, the Katz Doctrine What Katz says is that an employer after a union is certified Has a right to continue to operate its business But if it makes a unilateral change in terms, conditions of employment It must bargain with the union Here, the board failed to acknowledge in any way, shape or form That McLaren continued to apply its past practice dating back to 2012 With respect to severance policies and layoffs It didn't change anything Is this a standard severance agreement? Yes, Judge Bush, this is the same exact agreement that the hospital used For both union and non-union employees going back to at least 2010 Unabetted testimony And is the only difference between the severance agreements The amount that the employer pays the employee? Yes, pursuant to the well-established and unchanged formula So there's no change here, there's no duty to bargain Yes, a layoff is a mandatory subject to bargaining But a newly minted union, coming into the picture Does not prohibit an employer from continuing to operate its business I assume the addendum is different from one severance agreement to the other? The amount of pay, but other than that What about the addendum to the severance agreement, waiver and release? The only change would be, Judge Bush, if the employer was ever The age of 60 or over the applicable age Regarding the Age of Employment Discrimination Act And the Older Workers Benefit Protection Act But otherwise these were the exact same severance policies So no change, no duty to bargain Yes, a newly minted union comes into the picture An employer continues to have a rate of pay Continues to offer benefits, etc. It doesn't have to bargain or give notice to bargain about those issues As long as it continues its past practice McClellan wins the case on that point, period But the board also failed to consider the record as a whole It failed to acknowledge that the union had notice of these layoffs on June 16 Waited for over two weeks until July 2nd To request copies of these severance agreements And then the parties discussed the union's extensive information request From July 2nd, July 9th there was interchange The hospital fully cooperated Provided the union with all of the severance agreements And then the parties met at least 15 times thereafter Starting July 24th and bargaining The union never once Did one of the employees give the severance agreement to the union Before the union asked for it from the company? I'm sorry, Judge Bush It seems like there's something in the record That an employee informed the union of the severance agreement Yes, that's correct, June 16th On June 16th At that time did the employee give a copy of the severance agreement to the union? No, I don't know and I don't believe, Judge Bush, the record is clear on that The union did on July 2nd make a request for copies of all of the severance agreements That I do know that is in the record What's in the record of what the employee disclosed to the union Regarding the severance agreement? That's the June 16th communication from the bargaining employee to the union All the record says is the bargaining unit employee called the president of the union And said there are layoffs in progress or about to occur That's all I know Is it the company's position that the employee violated the severance agreement By informing the union of the layoffs? No, absolutely not In fact, no action was taken whatsoever against that employee So how does the company interpret the confidentiality provision of the severance agreement? It speaks to just that employee and her or his rights under the National Relations Act With respect to disclosing the amount of severance pay There is nothing that would prohibit that employee from telling a co-worker I received severance pay pursuant to the hospital's policy The board in its severance So it's the company's position not to disclose the exact amount of the severance pay? That is the key part of it, yes Is there anything else in the agreement that the company did not want to be disclosed? No, on disclosure? No, there really wasn't an issue This is a standard run of the mill agreement It's used throughout the country by employers all the time So what is the company's position as to what the employee could disclose to the union under this agreement? That it had signed an agreement And it signed an agreement per hospital policy And the union, which the union did receive as I noted copies of the agreement Was not bound by the terms at all It was free to do anything and everything it wanted to To further the so-called Section 7 rights What did the agreement have to say, if anything With regard to the employee's ability to assist the union in organizing activities Or anything related to Section 7? None whatsoever The key part of the National Relations Act, as Judge Gorsuch noted in the epic decision Is the right to organize, the right to engage in union organizing activity And the right to engage in collective bargaining Not impacted in any fashion in this case The board, in fact, in its analysis of the severance agreements Says there has to be a high probability of chilling of Section 7 rights There is no probability or very low probability here And the board entirely ignored the protections in the severance agreement 45 days to consider the agreement 7 day revocation period Urging employees, signature employees to consult with counsel Doesn't apply to future actions or future issues Doesn't apply to anything that cannot be waived as a matter of law There is an administrative exception that permits agencies like the board To compel subpoenas or information This agreement, unlike the cases that the board cites Has many protections for the employee What about the non-disparagement provision? Couldn't that be interpreted to say that the employee Could not say anything negative to the union regarding the company? It might Why doesn't that encompass everything that might pertain to anything wrong with the company? Why doesn't that show the ability of the employee to notify the union Of something that they may need to bargain over? Well, the employee notified the union, as I said, that they signed an agreement The union could communicate with that signatory employee And that employee can share with the union, with counsel And by the way, the severance agreement, Judge Bush, permitted consultation with counsel So that communication could clearly occur But waivers and releases are done all the time The NRAB has approved them on a continual basis This severance agreement had protection after protection for employees And any impact, if at all, on Section 7 rights is de minimis at most And the union certainly filled that void with a reservoir Can I ask one more? Sure So, most of what I've heard you argue here today I think the board would say we lack jurisdiction to hear Because you didn't raise any of this before the board And you didn't file a motion for reconsideration So, I'm interested in your response to that Well, Judge Larson, it's difficult to raise something you don't know about No, certainly once the board has issued its decision You have the ability to file a motion for reconsideration And hasn't this court said that the failure to do that is a problem for you? Well, it said also just the opposite case And there's a case that just issued it on July 24th that said just the opposite Can you tell me the name of that case? It might be helpful to you Yes, I will And I'll have to file a 28-J on that because it just issued And it came out of the 10th Circuit I want to get back to you Oh, the 10th Circuit, not our court Not your circuit Okay So the rehearing requirement says may, not shall It's not jurisdictional And it also is premised on extraordinary circumstances So that you're saying filing a motion for reconsideration Is optional and only in extraordinary circumstances Okay, what about the board's argument that Even if you're right about that The board in its papers before the I'm sorry, the general counsel in its papers before the board Suggests, hey, we're going to ask you to overrule these two prior cases And you didn't say anything about it All you said was, well, you should respect your precedent But you didn't raise any of these other arguments About why that would be a bad idea Why it would be arbitrary and capricious Why, etc, etc You just said you should consider Respectful precedent Well, precedent should govern what the board Or any executive agency does And what we said is The board should consider and apply its precedent At no time during the ALJ trial Did the general counsel ever In any way, shape, or manner Suggest that precedent should be overruled And then out of the blue we get this exception That's the first time we've ever heard of that Well, that's interesting Because that's not my understanding of the record You say that before the ALJ The general counsel did not suggest That the board should overrule these cases Nothing Absolutely nothing The only time that Baylor and IGT Those were the key precedents Were even mentioned Was in the general counsel's brief to the ALJ And he argued they were the opposite And they were not relevant They lose in that point And while we're pursuing this point This case on that issue should have never been appealed The government won its case And there's precedent in the circuit That's saying that if a party prevails in a case It can't bring another issue That it wasn't successful in on appeal The general counsel won its case Albeit we don't agree On the direct dealing and the issue Of whether we failed the bargain or not In good faith So this issue should even be before this court But I want to go back to your question of the re-hearing That CFR site Is based on exceptional circumstances And it's permissive It permits a party to potentially Have the board consider A new argument, a mature argument It's based on newly discovered evidence Or evidence that just came to the attention Of a party That's not applicable here This is an 8-8-5 case Fair to bargain case And the settlement agreement issue I know it's interesting And Judge Bush, all those questions We could sit here and debate all day About what it says or doesn't say That part of the case shouldn't even be here The board won its case below Didn't have a right to bring it here Furthermore, it brought it here after the fact And it says we waived arguments, Judge Larson How can you waive something you don't know about? I think we've got your Did I answer your question? Yes, thank you Thank you for your time I appreciate it Good morning Thank you Good morning May it please the court Joel Heller I'm Joel Heller With the National Labor Relations Board In this case, the board reasonably returned To its prior standard For evaluating the legality Of terms and severance agreements It provided a reasoned explanation For that change Which aligns with long-standing precedent And policies For evaluating Section 8A1 violations And better safeguards employees' Section 7 rights Than the standard that it overruled It ensures that employers May not present employees With overly broad terms That would broadly restrict Both their and other employees' NLRA rights And would hamstring the NLFB's ability To adjudicate and remedy unfair labor practices Counsel, is it the NLFB's position now That any confidentiality agreement And a severance agreement Or any agreement for that matter Between an employer And a departing employee That that is a violation of 8A1?  So would you draw the line As to what confidentiality agreements Are per se violations And which ones are not? Right, so the board in this decision Made clear that a more narrowly tailored Confidentiality provision Or other types of severance terms Could pass muster How could this one be more narrowly tailored? Well, because it says Any terms in the severance agreement Must be held confidential It's not limited to the financial terms Of the severance agreement It says all terms must be kept confidential There is this exception So the board was saying If it was just the financial terms That would be acceptable? Well, the board didn't say that in this case I think that would certainly be different And it's possible I believe that there has been Not case law that I know about But there have been memos From the general counsel Which are not binding law But which said that Settlement agreements that contain That kind of narrow confidentiality rule Could be accepted Well, I believe your counsel on the other side Said that the only difference Between the severance agreements And the ones that were standard In the company was the actual amount And the other terms were all standard So they're already known By the union, presumably I don't understand Why you could say it's more Why are the other provisions in here That are making it too broad Given that the union Presumably already knows About these other provisions I don't think it does Because this is a new union This is just They're representing This group of employees For the first time So I don't think that the individuals In the union would have been In the company Prior to creation of the union That's true But if they were still working for the company They wouldn't have ever seen A severance agreement Because they were still working So I think So one is the confidentiality But there's also The non-disparagement provision So the board found Both of those Were unlawfully broad So you dispute that This is an agreement That would have been known By the union Prior to this controversy I guess you just don't know There's not in the record One way or the other That the union Knew before the situation What the severance policy was I do want to make One clarification As to the failure to bargain claim That you were discussing With company counsel So the failure to bargain violation Had to do with the furloughs Not with the severance There was a direct dealing violation That had to do with the severance So the fact that So the furloughs all happened And took effect Were implemented Before the union Was ever told about it So that is the failure To bargain violation The severance terms Happened afterward So they were given At the same time But that was not found to be The failure to bargain That was found to be The direct dealing violation So let me ask you The remedies question If we agreed with you On the failure to The furlough being a violation Does that uphold All of the remedies That were ordered Or are there certain remedies That would be not covered by that Most of them I think the exception would be The cease and desist order Regarding the presentation Of the confidentiality And non-disparagement terms So if we disagreed with you Or didn't reach that part I don't know Of the decision I don't know if we could or not That would be the only remedy You're saying That would be off the table I think that's right Okay Yes And So I think it is Also important to note As Judge Larson was asking Most of these arguments That are being presented today Were not presented to the board And so Yes, but can you speak to Opposing counsel says Well, we didn't have any duty To file a motion for reconsideration We didn't have an opportunity To file a motion for reconsideration Because It's Must be based on newly discovered evidence And this isn't You know The fact of illegal overruling Isn't evidence And they had no notice Before the ALJ That general counsel Was seeking to overrule Rather than distinguish these cases Okay So Before we get to that Motion for reconsideration question Which I will answer I guess I would dispute The premise of their argument That they didn't have notice beforehand That this issue was on the table Because the general counsel Did argue In response to the ALJ's decision That Baylor and IGT Should be overruled That these other cases Metro networks Clerk distributors That we talk about in our briefs That they were the better standard The board should go back To that standard So this was in the briefs Before the board And McClain and McComb Filed an answer in brief But they didn't respond Their only response was Don't overrule precedent You should respect precedent Yeah That's what they said That kind of generic argument So They were aware That these arguments Were on the table But they didn't respond Sufficiently to preserve The argument For appellate review But If you disagree with me on that Certainly As you were saying Once the board issued Its decision They knew that this issue Was out there And in that situation The obligation was To file a motion For reconsideration This court's decision In Van Dorn Plastics Lays out That Process When the board Truly Has something Sui sponte In its decision That is the situation Where you Must file a motion For reconsideration To preserve the issue For appeal The permissive nature Of motion for reconsiderations That's where You have raised the issue If you raise the issue You lose You don't then again You don't have to file You don't have to file A motion for reconsideration To raise it again But when it's a sui sponte Situation You have Van Dorn Plastics In the Supreme Court decision Quality Government workers Equality manufacturing Talks about You do have to file A motion for reconsideration It did not And Opposing counsel Is saying You can only File a motion For reconsideration When it's based On newly discovered Evidence Is that Correct I wasn't aware of that But that's what He seemed to represent I'm actually not Sure The language In the CFR That might be correct But there still is this So if that's true How could he file A motion for reconsideration I mean there's no evidence So We can find out The legal answer By looking at the CFR Let's say It says newly discovered Evidence Then I don't know How he could file one Because Overruling the precedent Isn't evidence I'm not sure It's limited I don't want to make Myself look like a fool here But I don't think It's limited to Newly discovered evidence I think it's new Circumstances Generally And if I'm wrong on that I apologize But I think that also Goes to the fact that The fact that the general Counsel didn't present This issue to the ALJ It's because ALJs Can't overrule precedent And so It would have been futile There's no reason to do so And like you were saying This isn't The correct standard to apply Isn't a factual issue That's something that would Get developed at a hearing So the fact that it wasn't Discussed at a hearing I don't think is particularly  So what issues do you think Are preserved Okay so For this court Yes I think As to the If we're talking about The severance agreement Part of it I think Whether the board was Correct or within its Authority to overrule Baylor and IGT Because Sure that's what they said In their answering brief You shouldn't overrule Those cases I think perhaps The The What The extent there's a Discrimination over what Baylor and IGT say I think that could Probably be preserved Though I do think They run into the problem That This court has said That the board's Interpretation of its own Precedent is worthy of Deference It's been Kindred Nursing Center's Case So even if it's Preserved I certainly Don't think they win On that issue So I think And as far as The furloughs They did below Argue that There was some kind of Economic exigency That excused their duty To bargain I see them as essentially Abandoning that argument On appeal But they did preserve it So what about Arguments that For example the Chamber makes On As amicus here That The board ignored Statutory language Regarding the Employees Opportunity Not To engage In collective Bargaining And concerted Action That would be An argument that Goes to whether Or not the Decision to Overrule these Cases Is contrary to Law But you would say That claim Just isn't Before us I would Yeah But also Any ruling we Make wouldn't Foreclose somebody Else from making That argument In another case I think if this Court said We're not opining On the Right to Refrain issue One way or the other Because it's not Preserved Right, I don't Think that would Preclude a different Party from raising That issue And another Argument that is I believe subject To the 10 E Bar is this Argument as to the Follows that we Were just That McLennan Was just Complying with It's Or just Implementing its Existing severance Standard That was not an Argument that they Raised below And also I think Is not Correct for some Of the reasons We've already Discussed On the fact That you know Whether These rights are Included with Encompassed within The scope of Section 7 That was not Raised below And of course I Think long-standing Precedent from This Court Supreme Court Says otherwise Whether the Other terms in The severance Agreements that They had in 40 Days to Consider it None of Those raised Below but in Those of course All go to Process not to The substance of Any of the Terms so I Do think that I do think that The majority of  Are are Foreclosed at This stage in Appeal I do Want to Position now as With regards to Non-disparagement Clauses Are they Per se Unlawful Any Agreement No I guess the Same question I Had for confidentiality I mean what What are the Circumstances in Which a Non-disparagement Clause could be Lawful Yeah so I Think a Non-disparagement Clause that That aligns With the NRA World Understanding Of of Unlawful or Sorry of Unprotected Disparagement Set forth in The Jefferson Standard case From the Supreme Court The Valley Hospital case The board Says that Is that Talks about Is it Maliciously Untrue Is it Reckless Disloyal Those kind Of things If it is If it is If the Again I Can't 100% Speak for The board Because I Haven't seen That decision Yet but I Think a Decision kind Of by negative Inference of the Decision here That a Non-disparagement Clause that More aligns With that Standard could Well pass Muster and I would Note that These are Drafting Documents That comply With the Law is Something that Employers and Their council Do all the Time so this Is not Something that The board Is kind Of imposing This new kind Of sea change In what has to Happen One other question If you Indulge me Or do you Have a question I'm sorry No I don't Have a question I was Trying to Conclude To one Extent It doesn't Seem like The board Has taken To account That Employees The individual Employees And the Employer May have Reasons for Confidentiality And an Agreement That had Nothing to do With You know Union organizing Or whatnot And maybe Just be Something embarrassing Or something Personal for The employee That they Don't want the World to know About even Their union How does the Board address That A couple Points One is That this Is an Objective Standard So we're Not really Looking At the Subjective Particularities Of a particular Case when Crafting the Standard Because the Standard will Apply in Other cases But this Case is About crafting The standard Well how Would the Standard Apply in That case How would You use The standard That the Board has Articulated Here In that Case Right so Would it Reasonably Tend to Interfere With Employees Ability To  Their Section 7 Rights Including To Communicate With Others To Communicate With The Board Nothing Is Requiring Any Employee To Exercise Those Rights They Can Refrain As They Have The  To Do Under The Statute But That's Different From A  . I'm Not Seeing Anything In This Agreement That's Particular That Would  Some Relationship To Bargaining And I'm Concerned That The Board Has Seems To Be Adopting Is Going To Be Used In These Other Instances Where You Have Private Information That Maybe People Want To Keep It  And Because Of This Rule Employees Won't Be Able To Do That I Guess I Would Say That That Sounds To Me Like A Policy Argument You Could Say Well This Is A Bad Decision For The Board It Will Have Negative Consequences But That I Would Submit  Doesn't Make It Sounds Like The Board Didn't Address Those Kinds Of Issues So I Guess It Goes To The Reasoning Whether It's Actually A Reasonable Decision Of The Board To        Say That They Didn't Address That Issue Because The Employer Didn't Raise It Below Thank You May Please The  I'm Sorry  Board Issued A Decision On A Different Theory Than What  Litigated Below And The D.C. Circuit Said No That's Ten  You Didn't Reconsider It The Supreme Court Said No That's   Didn't Reconsider  The Supreme Court Said No  Ten    It    Said       That's Ten You Didn't    Supreme  Said  That's Ten You Didn't Reconsider     Said       That's Ten  Didn't Reconsider   Supreme   No  Ten You Didn't Reconsider          Didn't   Reconsider      That's Ten  Didn't Reconsider  Supreme Court Said No That's Ten You  Reconsider  Court Said   Ten You Reconsider           No That's Ten You I Want To Make Is To Your Point Judge Bush The Order Is Under Review And I Do Believe The Order Can Be Fully  On The 885 Violation The Only Specific Order  Requires Them To Be Reinstated And For Any Any Reference To Their Permit Layoff To Be Removed From The Record Which Would Include The Removal Of The Seven Violations Of The 885 Violation           Reinstated And The Really Important Order That Is To Be Removed From   The Court  I Don't Want To Mislead The Court.  Is Permissive.  Doesn't Say It Is Restricted To Newly Discovered Evidence . But  Is Permissive.  Says May. Doesn't Say Shall. And That's Exceptionally Important.  Certainly The Section 885 Case Doesn't Involve Any Extra Circumstances. That Issues Clearly Properly Before This Court. I Will Use Some       Words To Explain  I Don't Want   The Court.  Don't Want To Mislead The Court.  Will          You Be Permissive.  May. Doesn't    That's Exceptionally Important.    Properly  This Court.   Use Some Words To Explain The Court.  I Will Use Some Words To Explain The Court. I